| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| John F. Brady (SBN: 63900)<br>JOHN F. BRADY & ASSOCIATES, APLC<br>4803 Lime Street<br>Riverside, CA 92501<br>Tel (951) 692- 3050<br>Fax: (951) 777-2975<br>johnbrady.cbg@zoho.com | |
| ☐ Debtor(s) appearing without an attorney<br>☒ Attorney for: Debtors | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| In re:<br>JOHN FITCH,<br>MARY FITCH,<br><br><br><br><br>Debtor(s). | CASE NO.: 6:13-bk-17103-MW<br>CHAPTER: 7<br><br>**NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]**<br><br>[No hearing unless requested in writing] |
|---|---|

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) JOHN FITCH & MARY FITCH
   filed a motion or application (Motion) entitled Second Amended Debtors' Motion for Order Reopening Chapter 7 Bankruptcy Case for the Purpose of Amending Schedule B to Disclose a Previously Unkknown Asset and Amending Schedule C to Exempt a Previously Unknow Asset; Declaration of John Fitch, Declaration of John F. Brady

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                   Page 1                                   F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

a. If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b. If you fail to comply with this deadline:

   (1) Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

   (2) Movant will lodge an order that the court may use to grant the Motion; and

   (3) The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: 02/16/2017

Signature of Movant or attorney for Movant

John F. Brady

Printed name of Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                              Page 2                    F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

John F. Brady (SBN: 63900)
John F. Brady & Associates, APLC
4308 Lime Street
Riverside, CA 92501
Tel: 951-682-3050
Fax: 951-777-2875
johnbrady.cbg@zoho.com

Attorney for Debtors
John Fitch & Mary Fitch

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In Re:<br><br>JOHN FITCH,<br><br>MARY FITCH.<br><br>Debtor. | Case No.: 6:13-bk-17103-MW<br><br>Chapter 7<br><br>**SECOND AMENDED DEBTORS' MOTION FOR ORDER REOPENING CHAPTER 7 BANKRUPTCY CASE FOR THE PURPOSE OF AMENDING SCHEDULE B TO DISCLOSE A PREVIOUSLY UNKNOWN ASSET, AND AMENDING SCHEDULE C TO EXEMPT A PREVIOUSLY UNKNOWN ASSET; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN FITCH; DECLARATION OF JOHN F. BRADY**<br><br>[NO HEARING UNLESS REQUESTED IN WRITING]<br>(Pursuant to LBR 9013-1(o)) |

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE; HOWARD B. GROBSTEIN, CHAPTER 7 TRUSTEE; THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL PARTIES IN INTEREST:

---

NOTICE OF MOTION AND MOTION TO REOPEN CASE

**PLEASE TAKE NOTICE** the Debtors request that their case be reopened for the purpose of amending Schedule B, of their previously filed Chapter 7 bankruptcy, to disclose a previously unknown asset, and amending Schedule C, of their previously filed Chapter 7 bankruptcy, to exempt a previously unknown asset.

The motion is based upon this Notice of Motion, Motion, the attached declarations, Memorandum of Points and Authorities, and all documents and records on file with the court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Debtors, John Fitch & Mary Fitch, filed a Chapter 7 bankruptcy on April 22, 2013. Howard B. Grobstein was the duly appointed and acting Chapter 7 Trustee.

On June 3, 2013 the Chapter 7 Trustee filed a "no asset report." The Debtors received a discharge on August, 5, 2013.

The Debtors need to amend Schedule B of their petition in order to disclose a previously unknown asset relating to pre-petition unpaid overtime wages earned between January 6, 2012 to the date of filing of their Petition on April 22, 2013 pursuant to a class action claim against Mr. Fitch's previous employer.

The Debtor needs to amend Schedule C of their petition in order to exempt a previously unknown asset relating to pre-petition unpaid overtime wages earned between January 6, 2012 to the date of filing of their Petition on April 22, 2013 pursuant to a class action claim against Mr. Fitch's previous employer.

1  At the time of filing, the Debtors were unaware of the unpaid overtime wage
2  claim.
3
4  The Debtors will file amendments to Schedules B and C upon reopening of
5  their case.
6
7  There is no prejudice to any creditor in reopening the Debtor's Chapter 7
8  Case.
9  Should the Court determine that a trustee need be appointed, the Debtors do
10 not oppose.
11
12 **II.    HISTORY OF PREVIOUSLY DENIED MOTION**
13 Local Bankruptcy Rule ("LBR") 5010-1, which governs the procedures for
14 filing a motion to reopen a bankruptcy case states, under LBR 5010-1(e):
15
16 "MOTION MAY BE CONSIDERED without a hearing. A
   motion to reopen may be ruled on without a hearing
17 pursuant to *LBR 9013-1(q)*. The movant must not calendar a
   hearing date nor will a hearing be held on the motion, unless
18 otherwise ordered by the Court" (emphasis added) LBR
19 5010-1(e).
20
21 On 2/13/2017 Debtors filed a Motion to Reopen the present case in order
22 to disclose and exempt previously unknown assets (See Docket 15). The Motion
23 was filed along with a notice of motion pursuant to LBR 9013-1(q) by using
24
25 local form F 9013-1.2.NO.HEARHING. NOTICE (See Docket 15). Item four (4)
26 of the court approved form states:
27
28 "Movant will promptly lodge an order that the court may use

3
NOTICE OF MOTION AND MOTION TO REOPEN CASE

to rule on the motion, as the court may rule on the motion without a hearing and without an opportunity for any party to file a request for a hearing" Local bankruptcy form F 9013-1.2.NO.HEARHING.NOTICE of the Central District of California.

Debtors' amended Schedules B & C were filed concurrently with the Notice of Motion and Motion to reopen the Debtors' bankruptcy case on 2/13/2017 (See Docket 16).

On 2/15/2017, an order temporarily Denying Motion to Reopen the Debtors' case was entered as Docket number 17. Pursuant to the order, the Motion was denied due to:

> "(1) The Debtor's Motion for Order Reopening Chapter 7 Bankruptcy Case, filed on 2/13/2017, is denied without prejudice on the ground that amended schedules should not be filed until after an order has been filed and entered reopening the case; and (2) Amended schedules previously filed on or about February 13, 2017 are stricken" (See Order on Amended Motion, Docket 17).

The order denying the motion made no mention as to the appropriateness of the notice of motion, under LBR 9013(q), which was filed along with the motion nor did the order raise concerns as to the timing of the lodged order on the motion.

After reviewing the order, Debtor's Counsel promptly refiled an Amended Motion to reopen the Debtors' case using the same notice of motion, local form F 9013-1.2.NO.HEARHING.NOTICE, as in the previous Motion (See Docket 18).

4

NOTICE OF MOTION AND MOTION TO REOPEN CASE

In accordance with previous order denying the motion, Debtors' Amended Schedules B & C were not filed concurrently with the Amended Motion to reopen.

On 2/16/2017, an order was entered Denying Debtors' Amended Motion because:

> "Debtor's Amended Motion for Order Reopening Chapter 7 Bankruptcy Case, filed on 2/15/2017 (the Amended Motion"), is denied without prejudice on the ground that the procedures applicable for matters to be determined after notice of opportunity to request a hearing under Local Bankruptcy Rule 9013-1(o) have not been complied with. The Amended Motion was filed on February 15, 2017, and the 14 day waiting requirement under Local Bankruptcy Rule 9013-1(o)(1)(A)(ii) has not yet expired. If Debtors wish to proceed with this matter they should start over and comply with the Local Bankruptcy rules instead of seeking shortcuts not authorized under the Rules." (See Order on Amended Motion, Docket 19).

As previously stated, LBR 5010-1, which governs the reopening of a bankruptcy case, states that a motion to reopen may be ruled pursuant to LBR 9013-1(q). LBR 5010-1 makes no mention, and does not require, that a motion to reopen a bankruptcy must be ruled upon pursuant to 9013-1(o).

Debtors and Debtors' Counsel have in no way sought "shortcuts" under the local bankruptcy rules in an effort to obtain the relief sought in the motion to reopen. To the contrary, Debtors and Debtors' Counsel have followed the LBRs and have used authorized local forms pursuant to those rules to validly obtain the relief sought.

Per the Courts request, Debtors' submit this Second Amended Motion pursuant to LBR 9013-1(o) as instructed in the Order denying the Debtors' amended motion to reopen.

**WHEREFORE,** movant respectfully requests that the Honorable Court;

1. Reopen the Debtors' bankruptcy case;

2. That a trustee be appointed should the Court determine it necessary.

3. For such other and further relief as the Court may deem just and proper.

DATED: February 16, 2017            JOHN F. BRADY & ASSOCIATES, APLC

By: _____
John F. Brady, Attorney for Debtors,
John Fitch & Mary Fitch

---

6
NOTICE OF MOTION AND MOTION TO REOPEN CASE

# DECLARATION OF JOHN FITCH

I, John Fitch, hereby declare:

1. I am one of the Debtors in the above-captioned proceeding. I have personal knowledge of the facts set forth herein and if called upon to testify hereto, I could and would do so competently thereto.

2. My then wife, Mary Fitch, and I filed our Chapter 7 bankruptcy, Case No.: 6:13-bk-17103-WM, on April 22, 2013. Howard B. Grobstein was the duly appointed and acting Chapter 7 Trustee.

3. On June 3, 2013 the Chapter 7 Trustee filed a "no asset report."

4. We received a discharge on August 5, 2013.

3. When we initially filed our schedules and statements in April of 2013, We did not list any claims against my then employer, Party City Corporation ("Party City").

4. I work at Party City from January 6, 2012 to May 31, 2013.

4. The reason I did not list claims against Party City is because I did not know that any claims existed.

5. It has since come to my attention that I may have been misclassified as an "exempt" employee, and thus have a claim against Party City for unpaid wages. I learned of this claim around April of 2014, which was about 7 months after I received my Chapter 7 discharge.

6. While I certainly knew the conditions of my employment, I did not have any understanding of California law that would have caused me to believe or suspect that I had been misclassified as an "exempt" employee; nor did I know that this meant I was entitled to unpaid overtime compensation.

7. On June 4, 2015, during a deposition relating to the Party City class action claim, it was brought to my attention that I needed to reopen my Chapter 7 case and amend my filed schedules to disclose my claim against Party City. I was unaware of my need to reopen and amend my bankruptcy schedules prior to June 4, 2015.

8. My wage claim against Party City is disputed and its liquidation to money

is contingent upon a favorable result in the proposed class action.

8. Based on the foregoing, I am respectfully requesting that the Court grant my Motion to reopen my Chapter 7 bankruptcy so that I may amend the appropriate schedules in my bankruptcy petition.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing facts are known by me to be true and correct.

Executed on February 9, 2017, in Riverside, California.

John Fitch, Declarant

# DECLARATION OF JOHN F. BRADY

I, John F. Brady, declare:

1.  I am an attorney at law admitted to practice before all of the courts of the State of California, and before this Court. The matters set forth in this Declaration are of my own personal knowledge, and if called and sworn as witness herein, I could and would so testify.

2.  I represent the above-captioned Debtors in the above-captioned Motion to reopen their Chapter 13 case.

3.  On 2/13/2017 Debtors filed a Motion to Reopen the present case in order to disclose and exempt previously unknown assets (See Docket 15). The Motion was filed along with a notice of motion pursuant to LBR 9013-1(q) by using local form F 9013-1.2.NO.HEARHING. NOTICE (See Docket 15).

4.  Debtors' amended Schedules B & C were filed concurrently with the Notice of Motion and Motion to reopen the Debtors' bankruptcy case on 2/13/2017 (See Docket 16).

5.  On 2/15/2017, an order temporarily Denying Motion to Reopen the Debtors' case was entered as Docket number 17.

6.  The order denying the motion made no mention as to the appropriateness of the notice of motion, under LBR 9013(q), which was filed along with the motion nor did the order raise concerns as to the timing of the lodged order on the motion.

7. After reviewing the order, my office promptly refiled an Amended Motion to reopen the Debtor's case using the same notice of motion, local form F 9013-1.2.NO.HEARHING.NOTICE, as in the previous Motion (See Docket 18).

8. In accordance with previous order denying the motion, Debtors' Amended Schedules B & C were not filed concurrently with the Amended Motion to reopen.

9. On 2/16/2017, an order was entered Denying Debtors' amended motion (See Docket 19).

10. In a prior motion to reopen filed with this Court, case no. 6:15-bk-10417-MW ("*In re Fellin*"), the facts in that case are almost identical to the facts in this case. My firm filed a motion to reopen pursuant to LBR 9013-1(q) on 10/12/2016 (See *In Re Fellin*, docket 24) and lodged an order the same date, 10/12/2016. Six (6) days later, on 10/17/2016, this Court granted and entered an Order on the Fellin Motion to reopen (See *In re Fellin*, docket 25). The form notice of motion and order used in the Fellin case was the same form as used in this case.

11. In reliance on the granting of an Order in the Fellin case, our firm filed the identical notice of motion, LBR 9013-1(q), which is sanctioned in the current LBRs. Our firm was in no way "attempting shortcuts not authorized under the Rules", we were simply relying on previous experience with this Court in such motions.

12. Debtors and my firm have followed the LBRs and have used

authorized local forms pursuant to those rules to validly obtain the relief sought.

Pursuant to the Court's order on the Amended Motion to reopen, Docket number 19, the undersigned will be filing a Second Amended motion under LBR 9013-1(o) as the court has indicated this is the correct notice to be given in this case .

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing facts are known by me to be true and correct.

Executed on February 16, 2017, in Riverside, California.

_____
John F. Brady, Declarant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4308 Lime St.
Riverside, CA 92501

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o) with copy of SECOND AMENDED DEBTORS' MOTION FOR ORDER REOPENING CHAPTER 7 BANKRUPTCY CASE FOR THE PUSPOSE OF AMENDING SCHEDULE B TO DISCLOSE A PREVIOUSLY UNKNOWN ASSET, AND AMENDING SCHEDULE C TO EXEMPT A PREVIOUSLY UNKNOWN ASSET; DECLARATION OF JOHN FITCH** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below: ⁎ Declaration of John. F. Brady

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 02/16/2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Chapter 7 Trustee, Howard B. Grobsterin: hbgtrustee@gtfas.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) 02/16/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Trustee (RS)
3801 University Ave. Suite 720
Riverside, CA 92501

Honorable Mark S. Wallace
411 West Fourth St. suite 6135
Santa Ana, CA 92701

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/17/2017 | Giovannie Rodriguez | _(signature)_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                      Page 3                           F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

Label Matrix for local noticing
0973-6
Case 6:13-bk-17103-MW
Central District of California
Riverside
Thu Feb 16 11:17:01 PST 2017

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Riverside Division
3420 Twelfth Street,
Riverside, CA 92501-3819

Altavista Credit Union
1425 W. Lugonia Avenue
Redlands, CA 92374-2060

CA Business Bureau
17119 Mountain Avenue
Monrovia, CA 91016

CMRE Financial Services
3075 E. Imperial Hwy
Brea, CA 92821-6753

Calvery Portfolio Services LLC
P.O. Box 27288
Tempe, AZ 85285-7288

Capital Management Services LLP
726 Exchange St., #700
Buffalo, NY 14210-1464

Chase/Best Buy
P.O. Box 15298
Wilmington, DE 19850-5298

ERI Financial Services
391 N. Main Street, Suite 206
Corona, CA 92880-2006

GE Money/Sears Home Design
P.O.Box 965036
Orlando, FL 32896-5036

GE/JCpenney
P.O.Box 965007
Orlando, FL 32896-5007

GE/Old Navy
P.O.Box 965005
Orlando, FL 32896-5005

GECRB/Care Credit
P.O.Box 965036
Orlando, FL 32896-5036

Goodyear /CBNA
P.O.Box 6497
Sioux Falls, SD 57117-6497

Gordon & Wong Law Group PC
1485 Treat Blvd, Suite 102
Walnut Creek, CA 94597-2187

HSBC Bank
P.O. Box 5253
Carol Stream, IL 60197-5253

Home Depot/Citibank
P.O.Box 6497
Sioux Falls, SD 57117-6497

Kohl's
P.O. Box 3115
Milwaukee, WI 53201-3115

MAcys
P.O. Box 8218
Mason, OH 45040-8218

Metro Rep Comm
P.O. Box 1357
Corona, CA 92878-1357

Midland Funding
8875 Aero Dr, Ste 200
San Diego, CA 92123-2255

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Sears/Citibank
P.O. Box 6282
Sioux Falls, SD 57117-6282

Solomon & solomon PC
Columbia Circle
P.O. Box 15019
Albany, NY 12212-5019

Target NB
P.O.Box 673
Minneapolis, MN 55440-0673

Target National Bank
P.O. Box 673
Minneapolis, MN 55440-0673

(p)TOYOTA MOTOR CREDIT CORPORATION
PO BOX 8026
CEDAR RAPIDS IA 52408-8026

United States Trustee (RS)
3801 University Avenue, Suite 720
Riverside, CA 92501-3255

Verizon
P.O. Box 920041
Dallas, TX 75392-0041

Walmart
P.O. Box 530927
Atlanta, GA 30353-0927

Wells Fargo Home Mortgage
4101 Wiseman Blvd
San Antonio, TX 78251-4200

Howard B Grobstein (TR)
Grobstein Teeple
7121 Magnolia Avenue
Suite F
Riverside, CA 92504-3805

John Fitch
914 Church Street
Redlands, CA 92374-3550

John F Brady
4308 Lime Street
Riverside, CA 92501-3821

Mary Fitch
914 Church Street
Redlands, CA 92374-3550

Todd B Becker
Law Offices of Todd B Becker
3750 E Anaheim St Ste 100
Long Beach, CA 90804-4016

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Portfolio Recovery Assoc.
120 Corporate Blvd., #100
Norfolk, VA 23502

Toyota Motor Credit
P.O. Box 5855
Carol Stream, IL 60197

End of Label Matrix
Mailable recipients    37
Bypassed recipients     0
Total                  37